FILED
2019 Jul-18 PM 12:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DAVID MILLAN,**<br>　　**Plaintiff,**<br><br>v.<br><br>**EL POBLANO MEXICAN RESTAURANT, INC.,** a domestic corporation; and **FIDEL CASTRO,** an individual,<br><br>　　**Defendants.** | Case Number: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

This is an action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et. seq.* (hereinafter the "Fair Labor Standards Act" or "FLSA"). The Plaintiff seeks payment for overtime worked that he was deprived of due to the Defendants' willful violations of the Fair Labor Standards Act. The Plaintiff further seeks reasonable attorney fees, liquidated damages, and costs, pursuant to 29 U.S.C. § 216(b).

## JURISDICTION and VENUE

1. Original jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

2. Defendant El Poblano Mexican Restaurant Inc., hereinafter referred to as "El Poblano" is a domestic corporation organized in the State of Alabama.

3. Defendant El Poblano operates a restaurant located at 2499 Rocky Ridge Rd, Vestavia Hills, AL 35243, within this District.

4. Defendant Fidel Castro is an individual over the age of nineteen (19) who owns and operates El Poblano.

5. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

6. The cause of action set forth in this Complaint arose in this District.

7. El Poblano and Fidel Castro are collectively referred to, throughout this complaint, as "Defendants".

## PARTIES

### A. Plaintiff

8. Plaintiff David Millan, (hereinafter "Mr. Millan") is over the age of nineteen (19), currently resides in Jefferson County, Alabama, and is a former employee of the Defendants.

9. During all times relevant to this Complaint, the Plaintiff was an hourly employee of the Defendants and was subject to the full protection of the Fair Labor Standards Act and was not exempt from its coverage and protection.

## B. Defendants

10. Defendant El Poblano, is a domestic corporation organized in the State of Alabama, which employed the Plaintiff to labor for its benefit in this district.

11. Defendant Fidel Castro owns, controls, and manages El Poblano.

12. Defendant Fidel Castro, is liable pursuant to the Fair Labor Standards Act by virtue of having sole discretion and authority in directing, controlling and supervising Plaintiff's schedule, work and pay.

13. Defendant El Poblano lists Maexia Adan as its registered agent at 1901 Center Point Road, Birmingham, Alabama 35205.

14. Defendants are engaged in the business of owning and operating a restaurant located in Jefferson County, Alabama and engaged in interstate commerce for the purposes of the Fair Labor Standards Act.

15. Defendants are considered employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and are not otherwise exempt from the requirements of this Act.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference each of the allegations in paragraphs 1-15 above.

17. Defendants hired Mr. Millan in 1995 to clean tables at the restaurant.

18. In or around 2000, Mr. Millan was transferred to work in the kitchen.

19. As part of his duties, Mr. Millan placed and received out of state orders for supplies such as produce and spices.

20. Mr. Millan used the phone and the internet on a regular basis to conduct in and out of state business.

21. El Poblano buys products from Tolteca Foods, a wholesale and distributor of products located in Georgia.

22. El Poblano buys spices from a distributor in Georgia.

23. El Poblano buys out of state decorations (e.g. Mexican sombreros and artwork from Mexico) for the benefit of the business.

24. El Poblano's gross annual volume of revenue exceeds $500,000.

25. During the time the Plaintiff was employed by the Defendants, El Poblano, had employees, including the Plaintiff, engaged in interstate commerce, who handled and/or worked on goods that have been moved in and/or produced in commerce.

26. At all times relevant to this action, Defendants was an employer of Plaintiff as defined by 29 U.S.C. 203(d).

27. Mr. Millan worked for Defendants, from October 1995 to November 18, 2018.

28. The Plaintiff was typically required to work on average of sixty-four (64) hours per week.

29. From Tuesdays to Thursdays, Mr. Millan worked from 9:00AM to 1:00PM and from 3:00PM to 9:30PM (10.5 hours per day).

30. From Fridays to Sundays, Mr. Millan worked from 9:00AM to 1:00PM and from 3:00PM to 10:00PM (11 hours per day).

31. Mr. Millan did not work on Mondays.

32. Mr. Millan was paid by-weekly $900.00, partially by check and cash.

33. Mr. Millan was paid a flat amount regardless of the number of hours worked.

34. Mr. Millan did not receive overtime pay for the hours worked in excess of 40 hours in a given work week.

35. Plaintiff is not exempt from the overtime requirements of the Fair Labor Standards Act.

36. Defendants have a duty to maintain certain records under 29 U.S.C. § 211(c) and the appropriate regulations, and the Plaintiff intends to rely upon these records to demonstrate his damages in this case.

37. El Poblano had actual notice of the requirements of the FLSA by virtue of earlier alleged FLSA violations.

38. In October 27, 2013 an FLSA lawsuit (Case 2:13-cv-01582) was filed in the Northern District of Alabama against El Poblano by employees seeking unpaid wages.

## COUNT ONE

## WILLFULL VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

39. Plaintiffs re-allege paragraphs 1 through 38 as though fully set forth herein.

40. Employees covered by the FLSA must receive overtime pay for hours worked over 40 in a workweek at a rate not less than time and one-half their regular rates of pay.

41. There is substantial evidence that the El Poblano knew it was in violation of the Act and acted in reckless disregard.

42. Similarly situated employees in the past have complained about unpaid wages.

43. In October 27, 2013 an FLSA lawsuit (Case 2:13-cv-01582) was filed in the Northern District of Alabama against El Poblano by employees seeking unpaid wages.

44. El Poblano violated the FLSA by failing to properly compensate the Plaintiff for overtime hours worked in excess of 40 hours.

45. Defendants, by such failure, has willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

**WHEREFORE**, the Plaintiff requests this Court to enter judgment in favor of Plaintiff and against the Defendants for:

   a)   All amounts of overtime wages that the Plaintiff should have received under the Fair Labor Standards Act but for the Defendants' violations

of his rights, plus an equal amount in liquidated damages pursuant to Fair Labor Standards Act 29 U.S.C. § 216(b); and,

b) All reasonable costs and attorneys' fees, pursuant to Fair Labor Standards Act 29 U.S.C. § 216(b).

c) All amounts of wages that the Plaintiff should have received under the Fair Labor Standards Act but for the defendant's willful violation of his rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Acts, 29 U.S.C. § 216(b).

Respectfully submitted,

/s/ Sigfredo Rubio
Sigfredo Rubio
ASB-5403-D62R

/s/ Charline Whyte
Charline Whyte
ASB-1647-O80G

**OF COUNSEL:**

**RUBIO LAW FIRM, P.C.**
438 Carr Avenue – Suite 1
Birmingham, Alabama 35209
Telephone: (205) 443-7858
Facsimile: (205) 443-7853

**PLAINTIFF DEMANDS A TRIAL BY JURY**

7

**PLEASE SERVE DEFENDANTS VIA PRIVATE PROCESS SERVER:**

**El Poblano Center, Inc.**
c/o Maexia Adan
1901 Center Point Road
Birmingham, Alabama

**Fidel Castro:**
519 Creekview Cir
Hoover, Al 35226-3417