FILED
2019 Oct-18  PM 05:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| DAVID MILLAN.<br>    **Plaintiff,**<br><br>v.<br><br>**EL POBLANO MEXICAN RESTAURANT, INC., et al.,**<br>    **Defendants.** | )<br>)<br>)<br>)  **2:19-CV-01131-ACA**<br>)<br>)<br>)<br>) |

## REPORT OF THE PARTIES' PLANNING MEETING

1. The following persons participated in a Federal Rule of Civil Procedure 26(f) conference on  September 30, 2019  by conference call.

    a)   Charline Whyte representing the David Millan, the Plaintiff.

    b)   Lewis Page representing the El Poblano Mexican Restaurant, Inc., and Fidel Castro, the Defendants.

2. Initial Disclosures. The parties will complete by Friday, October 18, 2019 the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The parties propose this discovery plan:

    a)   Discovery will be needed on these subjects: Plaintiff's claims and damages, and Defendant's defenses.

b)      All discovery commenced in time to be completed by Friday, May 29, 2020.

c)      Maximum of 30 interrogatories by each party to any other party. Responses due 30 days after service.

d)      Maximum of 30 requests for admission by each party to any other party. Responses due 30 days after service.

e)      Maximum of 10 depositions by Plaintiff and 10 by Defendant

f)      Depositions will be limited to 1 day of 7 hours per deponent.

g)      Reports from retained experts under Rule 26(a)(2) due: from Plaintiff by Friday, January 24, 2020; from Defendant by Friday, March 6, 2020.

h)      Supplementations under Rule 26(e) due as soon as counsel is aware supplementation is required at least thirty (30) days prior to close of discovery.

4.    Other Items.

a.  The parties do not request a conference with the court before  entry of the scheduling order.

b.      The parties request a final pretrial conference in July 2019.

c.      Plaintiff should be allowed until Friday, December 13, 2019, to join additional parties or to amend pleadings.

d.   Defendants should be allowed until Friday, December 27, 2020, to join additional parties or to amend pleadings

e.   All potentially dispositive motions should be filed by Friday, June 26, 2020.

f.   Although settlement cannot be realistically evaluated prior to close of discovery, the parties will monitor the possibility of resolution throughout the case as well as what formal and informal mechanisms might enhance the possibility of settlement.

g.   Parties shall will use mediation as an alternative dispute resolution procedure.

h.   Unless otherwise determined by the Court, final lists of trial evidence and objections thereto under Rule 26(a)(3) will be due:

   i. from Plaintiff: witnesses and exhibits 42 days before trial.

   ii. from Defendant: witnesses and exhibits 21  days before trial.

i.   Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

j.   The case is of moderate complexity should be ready for trial by August 2019 and at this time is expected to take approximately 3 days.

k.    Other matters:

  i. The parties request the entry of the court's standard HIPAA protective order which will be revised to be specific to this matter and emailed to chambers.

  ii. Disclosure or discovery of electronically-stored information will be handled as follows: To the extent it exists, relevant, non-privileged electronic information will be produced by the parties in either PDF or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs.  A requesting party may obtain relevant, non-privileged electronic information in a format other than PDF or hard copy only upon agreement by the parties or upon a ruling by the Court for such information in that format.

  iii. The parties have agreed to handle post-production claims of privilege or of protection as trial-preparation material as follows:  If information is produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, then the party making the claim should notify any party that received the information of the claim

and the basis for it.  After being notified, unless there has been an undue delay in the assertion of the claim, the receiving party will promptly return, sequester, or destroy the specified information and any copies thereof and is prohibited from using or disclosing the information.  If there has been an undue delay in the assertion of the claim, then the receiving party may promptly present the information to the Court under seal for a determination of the claim.  In such a situation, the receiving party is prohibited from using or disclosing the information unless determination of waiver is made by the Court.  If a receiving party disclosed the information before being notified of the claim, it must take

reasonable steps to retrieve the information and any copies

hereof from anyone to whom the information was disclosed.

Date:  October 18, 2019          **/s/ Sigfredo Rubio**

438 Carr Avenue, Suite 1
Birmingham Alabama, 35209
frubio@rubiofirm.com
205-443-07858

Date: October 18, 2019           **/s/ Lewis Page**
Lewis Page
16704 NE 21st Street
Bellevue, WA 98008
lewis.page@pagelaw.net
205-337-6905